IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANDREA DUHREAL FLAGG, AIS 310705, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>DONALD VALENZA, *et al.*, )<br>)<br>Respondents. ) | Case No. 1:19cv750-RAH-CWB<br>(WO) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court is a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Andrea Duhreal Flagg ("Flagg"), an Alabama inmate. (Doc. 1).[1] Proceeding *pro se,* Flagg challenges his conviction for disarming a correctional officer and his resulting sentence of 5 years' imprisonment. For the reasons discussed below, the court finds that Flagg's petition is time-barred under the one-year statute of limitations contained in 28 U.S.C. § 2244(d).

I.  **BACKGROUND**

A.  **State Court Proceedings**

On December 5, 2017, a Houston County jury found Flagg guilty of disarming a correctional officer in violation of Ala. Code § 13A-10-5.1.[2] (Doc. 11-1). On March 2, 2018, the trial court sentenced Flagg to 5 years in prison. (Doc. 11-2). Flagg did not appeal.

---

[1] References to documents filed in this case are designated as "Doc." Pinpoint citations refer to page numbers affixed electronically by the CM/ECF filing system and may not correspond to pagination on the copies as presented for filing.

[2] The incident underlying Flagg's conviction took place when he was incarcerated at the Houston County Jail.

On December 10, 2018,³ Flagg filed a *pro se* petition in the trial court seeking post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure. (Doc. 17-1 at pp. 1–11). The Rule 32 petition was accompanied by Flagg's application to proceed *in forma pauperis* ("IFP") and a certified prison account statement providing Flagg's prison account information for the preceding 12 months. (Doc. 17-1 at pp. 12–17). On January 11, 2019, the trial court entered an order partially waiving the filing fee and stating that Flagg's Rule 32 petition would be docketed upon his payment of a $100 filing fee. (Doc. 17-2).

On January 29, 2019, Flagg filed with the trial court a document styled "MOTION TO PROCEED W/NEW COUNSEL," in which he maintained that he could not pay the $100 filing fee as directed. (Doc. 11-3). Accompanying the motion was another IFP application to which Flagg attached a copy of the same prison account statement as submitted with his Rule 32 petition. (Doc. 11-4). On January 30, 2019, the trial court entered an order stating:

> MOTION TO PROCEED WITH NEW COUNSEL & IN FORMA PAUPERIS REGARDING RULE 32 filed by FLAGG ANDRE is noted. The Court does not understand what the defendant means in a motion to proceed with new counsel.

(Doc. 11-5). Flagg never submitted the $100 filing fee as ordered by the trial court, and the Rule 32 petition was never docketed.⁴

---

³ For the filing dates of the Rule 32 petition and Flagg's present habeas petition, the court follows the inmate "mailbox rule" of *Houston v. Lack*, 487 U.S. 266 (1988). Under the mailbox rule, a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *See Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999); *Garvey v. Vaughn*, 93 F.2d 776, 780 (11th Cir. 1993). In this circuit, absent evidence to the contrary, courts will assume that a prisoner delivered a filing to prison officials on the date he represents that he signed it. *See United States v. Glover*, 686 F.3d 1203, 1205 (11th Cir. 2012).

⁴ Flagg did not petition the Alabama appellate courts for review of the trial court's ruling on his IFP application or its order that he pay a $100 filing fee. In Alabama, "[a] petition for a writ of mandamus is the appropriate vehicle for reviewing a lower court's ruling denying a request to proceed *in forma pauperis*." *Ex parte Wyre*, 74 So.3d 479, 480 (Ala. Crim. App. 2011).

On July 30, 2019, Flagg again filed a *pro se* Rule 32 petition in the trial court. (Doc. 11-6). Although the Rule 32 petition was accompanied by an IFP application (Doc. 11-7), Flagg did not include his prison account statement with the application. On August 12, 2019, the trial court entered an order stating that Flagg's Rule 32 petition would not be accepted for filing "until a filing fee is paid or 12 month prison account balance is filed with the Court." (Doc. 11-8). Flagg, however, did neither.

### B. Flagg's 28 U.S.C. § 2254 Petition

Flagg filed this § 2254 petition on September 30, 2019. (Doc. 1). In his petition, he asserts that: (1) his trial counsel was ineffective; (2) he failed to file a direct appeal through no fault of his own; (3) newly discovered evidence requires that his conviction be vacated; (4) the State withheld exculpatory evidence; and (5) the trial court improperly failed to award jail credit. (Doc. 1 at pp. 5–10). Respondents contend that Flagg's § 2254 petition is time-barred under 28 U.S.C. § 2244(d). (Doc. 11 at pp. 4–7; Doc. 17).[5] The undersigned agrees and recommends that Flagg's petition be denied without an evidentiary hearing and that the case be dismissed with prejudice.

## II. ANALYSIS

### A. AEDPA's One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets out the statute of limitations for federal habeas petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

---

[5] Respondents also argue that Flagg's claims are unexhausted and procedurally defaulted because they were not subjected to a complete round of appellate review in the Alabama courts. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Because it is clear that Flagg's petition is time-barred under AEDPA's statute of limitations, the court pretermits discussion of that issue.

3

>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### B. Timeliness of Flagg's § 2254 Petition

As a general rule, a petition for writ of habeas corpus under § 2254 must be filed within a year after the date on which the petitioner's judgment of conviction becomes final, either by the conclusion of direct review or by the expiration of the time for seeking direct review. *See* 28 U.S.C. § 2244(d)(1)(A); *Pugh v. Smith*, 465 F.3d 1295, 1298 (11th Cir. 2006). Because Flagg took no direct appeal, his conviction became final for federal habeas purposes on April 13, 2018, *i.e.*, 42 days after his March 2, 2018 sentencing. *See* Ala. R. App. P. 4(b)(1) (criminal defendants in Alabama must file notice of appeal within 42 days after sentencing); *Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002). Thus, the limitations period began to run under § 2244(d)(1)(A) on April 13, 2018. Absent some tolling event, whether statutory or equitable, Flagg's deadline to file a § 2254 expired one year later.

Under 28 U.S.C. § 2244(d)(2), the one-year limitation period is tolled during the pendency of a properly filed state court petition challenging the conviction and sentence. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under [§ 2244(d)(1)]."). On December 10, 2018, Flagg filed a Rule 32 petition in the trial court, which would have operated as a tolling petition under § 2244(d)(2), provided that it was "properly filed." *McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009). However, even after being ordered by the trial court to pay a filing fee of $100 (Doc. 17-2), Flagg failed to do so—and his Rule 32 petition was never docketed. Flagg's Rule 32 petition therefore was not "properly filed" and had no tolling effect under § 2244(d)(2). *See, e.g., Rogers v. State*, 2015 WL 7307229, at *3 (N.D. Ala. Aug. 11, 2015) (recognizing that a Rule 32 petition was not "properly filed" in similar circumstances); *Phillips v. Culliver*, 2009 WL 3414280, *4 (S.D. Ala. 2009) (same).

Although Flagg later filed a second Rule 32 petition in the trial court, that petition also had no tolling effect under § 2244(d)(2). The second Rule 32 petition was filed on July 30, 2019—over three months after the one-year limitations period had expired. "A state court filing after the federal habeas deadline does not revive" the limitations period applicable to federal habeas review. *Id.*; *see also Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001). "[O]nce a deadline has expired, there is nothing left to toll." *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004).[6]

---

[6] It should be noted that Flagg did not include his prison account statement with the second Rule 32 application as required by Ala. R. Crim. P. 32.6, and he failed to cure the deficiency after being informed by the trial court that his petition would not be accepted without the required information. Because the second Rule 32 petition was not "properly filed," it could not operate to toll the limitations period under § 2244(d)(2). *See Kister v. Jones*, 2021 WL 5184249, at *5 (N.D. Ala. Oct. 18, 2021).

### C. Equitable Tolling

The one-year limitations period under § 2244(d)(2) alternatively can be tolled on an equitable basis when a petitioner submits an otherwise untimely filing "because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). However, "equitable tolling is an extraordinary remedy, . . . limited to rare and exceptional circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). The U.S. Supreme Court has held that a habeas petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). "The petitioner bears the burden of showing that equitable tolling is warranted." *Hunter*, 587 F.3d at 1308.

Flagg asserts no grounds for equitable tolling, and the court is unaware of any basis to apply equitable tolling in this case.

### D. Actual Innocence

Even when a petition is time barred, the door to review can still be opened if a petitioner makes a credible showing of actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 393–94 (2013). Habeas petitioners asserting actual innocence as a gateway to untimely review must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Flagg does not assert his actual innocence as a basis to circumvent § 2244(d)(2), and he points to no new evidence to sustain a claim of actual innocence. Because the actual-innocence exception does not apply, Flagg's § 2254 petition remains untimely is not subject to review.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Flagg's 28 U.S.C. § 2254 petition be DENIED as time-barred and that this case be DISMISSED with prejudice.

It is further ORDERED that, by August 29, 2022, the parties may file written objections to this Recommendation. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a *de novo* determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 15th day of August 2022.

/s/ 
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**